IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-0275-JLK

DOMINICK PAOLONI, et al.,

    Plaintiffs,

vs.

DONALD I. GOLDSTEIN, et al.,

    Defendants,

and

NBSA, LLC, et al.,

    Relief Defendants.

---

**ORDER**

---

`THIS MATTER comes before the Court pursuant to an Order to Show Cause to Mark Wolok issued by this Court on September 12, 2006. Hearing on the Order to Show Cause commenced on October 3, 2006 at 10:00 a.m., at which time the Court heard the testimony of Mark Wolok who was present and received into evidence numerous exhibits as reflected in the Court records. At the conclusion of Mark Wolok's testimony, the Court continued the matter until December 12, 2006, at 10:00 a.m. for purposes of hearing the testimony of Larry Wittenberg and for further proceedings as may be presented by the parties. Mark Wolok was not present in court on December 12, 2006. After having heard the testimony of the

witnesses, reviewed the exhibits as reflected in the Court's files and heard the arguments of counsel, the Court finds and orders as follows:

## FINDINGS

1. The response to the Order to Show Cause to Mark Wolok is entirely inadequate and Mark Wolok is hereby found in contempt of this Court for violation of the March 2, 2001, Preliminary Injunction of this Court entered against Mark Wolok and other Defendants in this case.

2. The testimony of Mark Wolok was not credible at all and is rejected by this Court. The Court finds that Mark Wolok was served with the March 2, 2001 Preliminary Injunction and nothing more is required to charge him with knowledge of its contents. It does not matter if he did not open or read the papers that were served upon him.

3. Mark Wolok's attorneys, and in particular Larry Griffis of Jaffe, Raitt, Hauer & Weiss, had service of the Preliminary Injunction provided to them and, thus, Mark Wolok had substantial opportunity to be aware of his obligations under all of the Court's orders, including the March 2, 2001, Preliminary Injunction. Not only is it a matter of the formal legal requirements of service having been satisfied, but as a matter of fundamental fairness Mark Wolok had more than ample opportunity to become familiar with this case, to protect his rights and to show a respect for this legal system and the orders of this Court, none of which he did.

4. Mark Wolok's testimony that he does not recall is simply not worthy of belief and, even if it were, he cannot avoid responsibility by claiming a lack of knowledge or

feigning a failure to recall events that any reasonable person would either remember or make minimal efforts to ascertain. That kind of insouciance is not tolerable under our legal system. To look and not see that which is plainly visible is not to look at all. To listen and not hear that which is plainly stated is not to listen at all. The law does not recognize such intentional or irresponsible indifference. The Court thus finds that Mark Wolok had knowledge of the March 2, 2001, Preliminary Injunction prior to March 23, 2001, which is the date Mark Wolok transferred by quit claim deed the property at 1550 Drexel Avenue, No. 105, Miami Beach, Florida, 33139 (the "Florida Property") to his wife (Exhibit D). The Court finds that Mark Wolok had such knowledge by virtue of prior service of the Preliminary Injunction upon him and his attorneys (Exhibits Q, R, S, T and U).

    5.    There is no ambiguity in the Preliminary Injunction. The only ambiguity suggested, and for which no evidence or any support was offered, is that the Order should have read "$5,000 per month" as opposed to simply "$5,000." If, as Mr. Wolok's counsel suggests, the Order should have read "$5,000 per month," which is a matter that should have been raised early on by Mr. Wolok and his counsel if they wanted to comply with orders of this Court they thought were impossible to comply with as the Order was written. It was Mr. Wolok's obligation to move to modify, not the Plaintiffs.

    6.    Mark Wolok violated the Preliminary Injunction in the following respects to the damage of the Plaintiffs:

        A.    The transfer of the Florida Property on March 23, 2001 by quit claim deed from himself and his wife, Paula Cetean, to solely that of his wife, Paula Cetean, and

the subsequent encumbrance thereof by Paula Cetean in the amount of $180,000 on January 27, 2006 (Exhibits D and E). At the time of entry of the Preliminary Injunction, March 2, 2001, the then existing mortgage on the Florida property was $57,600 (Exhibit B). As a result of Mark Wolok's violation of the March 2, 2001, Preliminary Injunction by virtue of transferring the Florida Property to his wife, Plaintiffs have been damaged in the amount of $122,400 ($180,000 minus $57,400).

      B.      Subsequent to entry of the March 2, 2001, Preliminary Injunction, Mark Wolok, with his wife, Paula Cetean, in violation of the March 2, 2001, Preliminary Injunction caused four encumbrances, totaling $140,099 to be placed upon the property at 5395 Putnam Drive, West Bloomfield, Michigan, in which this Court finds that Mark Wolok had at least a beneficial interest (Exhibits J, K, L and M).

    7.    After a complete and thorough review of this matter, the Court is appalled at the statement of Mark Wolok's counsel, Larry Griffis, as set forth in paragraph 13 of the Motion for Order to Show Cause when it says: "In accordance with D.C.Colo.L.Civ.R. 7.1A, on August 16, 2006, Plaintiffs' counsel sent Larry Griffis, counsel for Mark Wolok, the attached letter, Exhibit N, in an effort to resolve this matter without this Court's intervention. On August 29, 2006, Larry K. Griffis advised Plaintiffs' counsel that Mark Wolok was broke and the filing and pursuing of this matter would be a waste of Plaintiffs' time and money." The waste of time of money in this case has been directly and entirely the fault of Mark Wolok in his attempts at evasion of normal processes of court. Moreover, Plaintiffs' counsel has an ethical obligation to pursue this matter particularly where there are

numerous plaintiffs and beneficiaries of plaintiffs who are not actively involved in the litigation but dependant nevertheless on counsel's representation. Mark Wolok's conduct triggers, among other things, 28 U.S.C. § 1927 for frivolously and needlessly obstructing the administration of justice in this particular case with the evasions and the false statements made by Mark Wolok.

8. Plaintiffs have requested that the Court award the sum of $10,000 in fees and costs incurred in pursuing this matter. The Court takes judicial notice of the two hearings that have been held on this matter plus the work on the documentation that is in evidence before the Court and finds that $10,000 is, in fact, a modest request under these circumstances and that it is justified under 28 U.S.C. § 1927.

## ORDER

IIT IS HEREBY ORDERED that Mark Wolok is in contempt of this Court for violation of the March 2, 2001, Preliminary Injunction by transferring and encumbering property which he either owned or in which he had a beneficial interest in violation of such Preliminary Injunction as set forth in the findings above.

IT IS FURTHER ORDERED that Mark Wolok shall pay into the Registry of the United States District Court for the District of Colorado, within thirty (30) days of December 12, 2006, such date being January 11, 2007, the sum of $272,499, the amount by which Plaintiffs have been damaged as the result of Mark Wolok's violations of the March 2, 2001, Preliminary Injunction.

IT IS FURTHER ORDERED that in the event Mark Wolok does not pay the full

amount of $272,499 into the Registry of the United States District Court for the District of Colorado on or before January 11, 2007, this Court will issue a warrant for his arrest and he will be incarcerated until such time as there is full compliance with this Order.

IT IS FURTHER ORDERED that after review of the Courtroom Minutes and review of the recording of the proceedings on December 12, 2006, the Courtroom Minutes should be amended to reflect that Exhibit U was tendered and received into evidence in the hearing on the Order to Show Cause to Mark Wolok.

DATED this 15th day of December, 2006.

BY THE COURT:

*s/John L. Kane*

John L. Kane, U.S. District Court Judge