IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-00275-JLK

DOMINICK PAOLONI, et al.,

    Plaintiffs,

vs.

DONALD I. GOLDSTEIN, et al.,

    Defendants,

and

NBSA, LLC, et al.,

    Relief Defendants.
_____

**PRELIMINARY INJUNCTION**
_____

The Court, having reviewed Plaintiff's Motion for Reinstatement of Preliminary Injunction Against Joseph Ieracitano and Blue Paper, Inc., having reviewed the Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction [Docket Entry No. 251], having reviewed the Exhibits in support of Motion for Temporary Restraining Order and Preliminary Injunction [Docket Entry No. 255], and having reviewed and being familiar with the provisions of the Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction as to the Ieracitano Defendants [Docket Entry No. 440] to which is attached is the full and complete Settlement

Agreement of January 10, 2003, and otherwise being fully advised in the premises, hereby finds as follows:

### FINDINGS

1. On May 7, 2002, at 8:50 a.m., this Court entered a Preliminary Injunction against Joseph Ieracitano and Blue Paper, Inc., as well as other persons and entities, which prohibited Joseph Ieracitano and Blue Paper, Inc. from directly or indirectly transferring, selling, encumbering, impairing or otherwise disposing of in any manner certain property, including the following described property which is hereinafter referred to as the "Blue Paper Property:"

> Parcel B, HILLSBORO CLUB, according to the plat thereof, recorded in Plat Book 148, Page 32, of the Public Records of Broward County, Florida.

> Together with;

> That part of the South 300 feet of Government Lot 5, Section 20, Township 48 South, Range 43 East, Broward County, Florida, lying Northwesterly of a line 20.00 fee Northwesterly of the Baseline of Survey for State Road A-1-A, according to the Right of Way map for Section 86050-2502; a portion of said Baseline of Survey described as follows: BEGIN at Baseline of Survey station 551 + 58.22 on a curve concave Northwesterly, having a chord bearing of North 38N05'23" East; thence Northeasterly along said curve, having a radius of 716.78 feet, through a central angle of 35N19'30" and an arc length of 441.56 feet to the END of said curve at Baseline of Survey station 555+99.78.

> Less Right of Way dedicated by plat, THE HILLSBORO CLUB, according to the Plat thereof, as recorded in Plat Book 149, Page 32 of Public Records of Broward County, Florida.

2. On January 14, 2003, this Court entered an Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction as to the Ieracitano

Defendants that approved a Settlement Agreement dated January 10, 2003 between the Plaintiffs, Joseph Ieracitano, and Blue Paper, Inc.

3. Joseph F. Ieracitano and Blue Paper, Inc. have violated material provisions of the Order Approving Settlement Agreement, into which is incorporated the January 10, 2003 Settlement Agreement in the following respects.

    a. Blue Paper, Inc. and Joseph Ieracitano have failed to complete construction of the Blue Paper Property townhome project in accordance with the provisions of the constructive loan documents between Blue Paper, Inc. and the construction lender, BankUnited FSB ("BankUnited").

    b. The Ieracitano Defendants have failed to repay the construction loan to BankUnited in accordance with the terms and conditions of the loan made by BankUnited to the Ieracitano Defendants.

    c. The Ieracitano Defendants have encumbered the Blue Paper Property, in addition to encumbrances by BankUnited with the granting of a Second Mortgage Deed and Security Agreement dated July 27, 2006 between Blue Paper, Inc. and Vito Y. Tremattera, recorded on January 5, 2007 in Broward County, Florida.

4. The Order Approving Settlement Agreement incorporates into it the January 10, 2003 Settlement Agreement as if each and every section, paragraph and exhibit thereof were set forth in the Order Approving Settlement Agreement and made an Order of this Court. Further, the Order Approving Settlement Agreement provides that the Settlement Agreement and each and every term thereof shall be enforceable as an Order of this Court.

Section 21A of the Settlement Agreement permits the Plaintiffs to enforce the Settlement Agreement as any other Order of Court may be enforced.

5.    The Court is satisfied that Plaintiffs possess clear and ascertainable rights which need protection. Such rights include Plaintiffs' rights and interest in and under the proceeds from the sale of the Blue Paper Property as well as any other funds, assets, and property of the Ieracitano Defendants so as to preserve any assets of the Ieracitano Defendants for payment to the Plaintiffs in accordance with the Order Approving Settlement Agreement and so as to render any other relief which may ultimately be obtained in this action by Plaintiffs meaningful.

6.    The Plaintiffs will suffer immediate and irreparable injury, loss, and/or damage if a Preliminary Injunction to maintain the status quo does not issue. The Plaintiffs' irreparable injuries include the loss of monies to which it has been admitted by the Ieracitano Defendants the Plaintiffs are entitled to under theories of constructive trust and equitable lien through efforts of the Ieracitano Defendants to encumber and/or transfer beyond the reach of the Plaintiffs their property and assets.

7.    The entry of this Preliminary Injunction will not impose undue hardship unjust for Joseph Ieracitano or Blue Paper, Inc. This Court had previously entered a Preliminary Injunction against Joseph Ieracitano and Blue Paper, Inc. and only vacated the Preliminary Injunction upon being satisfied that Joseph Ieracitano and Blue Paper, Inc. had complied with and/or would comply with provisions of the January 10, 2003 Settlement Agreement which imposed significant obligations upon them for the benefit of Plaintiffs. Joseph Ieracitano and

Blue Paper, Inc. have committed material breaches of the Settlement Agreement and violations of the Order Approving Settlement Agreement and thus entry of this Order is necessary and appropriate.

## ORDERS

WHEREFORE, the Court orders as follows:

1.  Blue Paper, Inc., a Florida corporation, its officers, agents, service employees, attorneys and those persons in active concert or participation with it, including Joseph Ieracitano, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined and restrained from directly or indirectly transferring, selling, encumbering, impairing or otherwise disposing of in any manner the following described property:

> Parcel B, HILLSBORO CLUB, according to the plat thereof, recorded in Plat Book 148, Page 32, of the Public Records of Broward County, Florida.
>
> Together with;
>
> That part of the South 300 feet of Government Lot 5, Section 20, Township 48 South, Range 43 East, Broward County, Florida, lying Northwesterly of a line 20.00 fee Northwesterly of the Baseline of Survey for State Road A-1-A, according to the Right of Way map for Section 86050-2502; a portion of said Baseline of Survey described as follows: BEGIN at Baseline of Survey station 551 + 58.22 on a curve concave Northwesterly, having a chord bearing of North 38N05'23" East; thence Northeasterly along said curve, having a radius of 716.78 feet, through a central angle of 35N19'30" and an arc length of 441.56 feet to the END of said curve at Baseline of Survey station 555+99.78.
>
> Less Right of Way dedicated by plat, THE HILLSBORO CLUB, according to the Plat thereof, as recorded in Plat Book 149, Page 32 of Public Records of Broward County, Florida.

provided, however, that the Ieracitano Defendants may sell any of the townhome units located on the Blue Paper Property for such townhome units' fair market value in an arms-length transaction to an unrelated third party, subject to the written consent of the Plaintiffs and with such proceeds to be distributed in accordance with the Order Approving Settlement Agreement.

2. Joseph Ieracitano, Blue Paper, Inc. and any of their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined and restrained from directly or indirectly transferring, selling, assigning, encumbering, impairing or otherwise disposing of in any manner funds, assets or other property belonging to or in the possession, custody and/or control of Joseph Ieracitano and/or Blue Paper, Inc. wherever located.

The Plaintiffs have posted a bond of $2,500.

DATED this 11th day of April, 2007, at the hour of 12:21 p.m.

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court