IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-00275-JLK

DOMINICK PAOLONI, et al.,

      Plaintiffs,

vs.

DONALD I. GOLDSTEIN, et al.,

      Defendants,

and

NBSA, LLC, et al.,

      Relief Defendants.

_____

## ORDER MODIFYING SETTLEMENT AGREEMENT AND RELATED ORDERS
_____

THIS MATTER is before the Court pursuant to Plaintiffs' Motion to Modify Settlement

Agreement pursuant to which Plaintiffs seek relief from this Court in the form of modification to

certain provisions of the Settlement Agreement and other relief as the result of material breaches of

the Settlement Agreement of January 10, 2003 between the Plaintiffs and Defendants Joseph

Ieracitano and Blue Paper, Inc., a Florida corporation (the "Settlement Agreement"). The Settlement

Agreement was made an order of this Court pursuant to this Court's Order Approving Settlement

Agreement, Entry of Order and Order Vacating Preliminary Injunction [Docket No. 440] ("Order

Approving Settlement Agreement"). In addition to Plaintiffs' Motion to Modify Settlement

Agreement as the result of various material breaches of the Order Approving Settlement Agreement

by the Ieracitano Defendants, Plaintiffs filed an Amended Order to Show Cause why the Ieracitano

Defendants should not be held in civil contempt of Court and a Motion to Reinstate a Preliminary Injunction Against the Ieracitano Defendants.

Pursuant to this Court's Order to Show Cause and Setting Hearing [Docket No. 915], this Court ordered the Ieracitano Defendants to show cause why they should not be held in civil contempt for violation of the Order Approving Settlement Agreement and scheduled a hearing for April 11, 2007. In addition, pursuant to the Order to Show Cause and Setting Hearing, this Court advised the parties that it would hear argument upon Plaintiffs' Motion to Modify Settlement Agreement and Motion to Reinstate Preliminary Injunction. On April 11, 2007, this Court held a hearing upon Plaintiffs' Amended Order to Show Cause and heard arguments of counsel and the parties upon Plaintiffs' Motion to Modify Settlement Agreement and Motion to Reinstate Preliminary Injunction. The Court heard the testimony of Defendant Joseph Ieracitano, carefully considered the arguments of Plaintiffs' counsel and Joseph Ieracitano, reviewed all of the pleadings filed in connection with Plaintiffs' Amended Motion for Order to Show Cause, Motion to Modify Settlement Agreement and Motion to Reinstate Preliminary Injunction and considered Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction filed April 25, 2002 [Docket No. 251] and exhibits to Motion for Temporary Restraining Order and Preliminary Injunction filed April 25, 2002 [Docket No. 255]. After having carefully considered all of the above matters, the Court found Joseph Ieracitano and Blue Paper, Inc. in civil contempt of this Court for violation of the Order Approving Settlement Agreement and has entered a separate Order with regard to the civil contempt of the Iearacitano Defendants. The Court has also issued a Preliminary Injunction against the Ieracitano Defendants.

This Court has the authority and discretion to modify its orders as this Court deems just and equitable. *David C. v. Leavitt*, 242 F.3d 1206 (10th Cir. 2001). Federal district courts possess the

equitable power to modify their own orders in the face of changed circumstances as an inherent judicial power that cannot be limited even in the face of an agreement of the parties.  *Id*. at 210-211. Furthermore, Fed. R. Civ. P. 60(b) provides additional authority for the Court to modify previously entered orders.  *Id*. at 211.

This Court finds that the Plaintiffs have, by clear and convincing evidence, established that a significant change in circumstances has occurred since entry of the Order Approving Settlement Agreement and that such changed circumstances were not nor could have been actually anticipated by the Plaintiffs at the time of entry of the Order Approving Settlement Agreement.  The Court thus finds circumstances which warrant a modification of the Order Approving Settlement Agreement. Accordingly, the Court may modify the Order Approving Settlement Agreement so as to protect the Plaintiffs' interest under the Order Approving Settlement Agreement and allow the Plaintiffs to receive the benefits to which they are entitled under the Order Approving Settlement Agreement.  *Id*. at 1212.

This Court has previously found in the Order Approving Settlement Agreement (¶ 3) and hereby reaffirms such finding that the Ieracitano Defendants owe the Plaintiffs the Settlement Amount ($682,500), together with interest at the rate of eight percent (8%) per annum compounded annually (interest commencing on March 1, 1999 and continuing until the entire amount is paid in full) and the Contingent Amount as determined pursuant to the Order Approving Settlement Agreement (together with interest at the rate of eight percent (8%) per annum compounded annually, such interest commencing on March 1, 1999 and continuing until the entire Contingent Amount is paid in full) pursuant to theories of constructive trust and equitable lien.

The Court finds that the Plaintiffs have an equitable lien in the amount of $682,500, together with interest thereon at the rate of eight percent (8%) per annum compounded annually, such interest

commencing on March 1, 1999, and continuing thereafter until the entire amount is paid in full, which is a purchase money mortgage lien (*see Bancflorida v. Hayward*, 689 S.2d, 1052 (Fla. 1997)) which equitable lien arose on March 1, 1999 upon the following described property (hereinafter referred to as the "Blue Paper Property"):

> Parcel B, HILLSBORO CLUB, according to the plat thereof, recorded in Plat Book 148, Page 32, of the Public Records of Broward County, Florida.

> Together with;

> That part of the South 300 feet of Government Lot 5, Section 20, Township 48 South, Range 43 East, Broward County, Florida, lying Northwesterly of a line 20.00 fee Northwesterly of the Baseline of Survey for State Road A-1-A, according to the Right of Way map for Section 86050-2502; a portion of said Baseline of Survey described as follows:  BEGIN at Baseline of Survey station 551 + 58.22 on a curve concave Northwesterly, having a chord bearing of North 38N05'23" East; thence Northeasterly along said curve, having a radius of 716.78 feet, through a central angle of 35N19'30" and an arc length of 441.56 feet to the END of said curve at Baseline of Survey station 555+99.78.

> Less Right of Way dedicated by plat, THE HILLSBORO CLUB, according to the Plat thereof, as recorded in Plat Book 149, Page 32 of Public Records of Broward County, Florida.

> Also known as:  All of 900 HILLSBORO, according to the plat thereof, recorded in Plat Book 170, Pages 176 and 177, of the Public Records of Broward County, Florida.

The Court finds that the Plaintiffs have an equitable lien in the amount of the Contingent Amounts, as defined in the Order Approving Settlement Agreement, together with interest thereon at the rate of eight percent (8%) per annum, compounded annually, commencing March 1, 1999 and continuing until the entire amount is paid, upon all property and assets of any nature whatsoever of Blue Paper, Inc. and Joseph Ieracitano, including but not limited to the Blue Paper Property, which equitable lien arose on March 1, 1999.

IN ACCORDANCE WITH THE ABOVE FINDINGS, the Court orders as follows:

IT IS HEREBY ORDERED that ¶ 5B of the Settlement Agreement, which is attached to the Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction as to the Ieracitano Defendants as Exhibit A, and incorporated therein by reference as if each and every section, paragraph and exhibit thereof were set forth therein is hereby modified to read as follows:

> Construction on the Blue Paper Project shall be completed within the time required by BankUnited (including any extensions) pursuant to the terms of the Loan ("Construction Period").  Nothing contained herein shall prohibit BankUnited from extending the Construction Period for the purpose of completing the Blue Paper Project if deemed necessary and determined in BankUnited's exclusive discretion.  If construction on the Blue Paper Project is not completed within the Construction Period, Plaintiffs may enforce the terms of the Settlement Agreement and declare null and void the Settlement Agreement and reinstate all pending claims against the Ieracitano Defendants, including their constructive trust and equitable lien claims against the Blue Paper Property.

IT IS FURTHER ORDERED that the first sentence of Section 20 of the Settlement Agreement attached to the Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction as to the Ieracitano Defendants as Exhibit A and incorporated therein by reference as if each and every section, paragraph and exhibit thereof was set forth therein, is hereby modified to read as follows:

> In the event of any material misrepresentation or breach of this Agreement by the Ieracitano Defendants, Plaintiffs may elect to declare the Agreement null and void, reinstate all currently pending claims and proceed accordingly and at the same time enforce the terms of this Agreement.

IT IS FURTHER ORDERED that Plaintiffs have and possess an equitable lien in the amount of $682,500, together with interest on such amount at the rate of eight percent (8%) per annum compounded annually, such interest commencing on March 1, 1999, and continuing until the full amount of $682,500, together with such interest, is paid in full, which lien is a purchase money mortgage lien arising on March 1, 1999, upon the following described property:

Parcel B, HILLSBORO CLUB, according to the plat thereof, recorded in Plat Book 148, Page 32, of the Public Records of Broward County, Florida.

Together with;

That part of the South 300 feet of Government Lot 5, Section 20, Township 48 South, Range 43 East, Broward County, Florida, lying Northwesterly of a line 20.00 fee Northwesterly of the Baseline of Survey for State Road A-1-A, according to the Right of Way map for Section 86050-2502; a portion of said Baseline of Survey described as follows:  BEGIN at Baseline of Survey station 551 + 58.22 on a curve concave Northwesterly, having a chord bearing of North 38N05'23" East; thence Northeasterly along said curve, having a radius of 716.78 feet, through a central angle of 35N19'30" and an arc length of 441.56 feet to the END of said curve at Baseline of Survey station 555+99.78.

Less Right of Way dedicated by plat, THE HILLSBORO CLUB, according to the Plat thereof, as recorded in Plat Book 149, Page 32 of Public Records of Broward County, Florida.

Also known as:  All of 900 HILLSBORO, according to the plat thereof, recorded in Plat Book 170, Pages 176 and 177, of the Public Records of Broward County, Florida.

IT IS FURTHER ORDERED that he Plaintiffs have and possess an equitable lien in the amount of the Contingent Amounts, as defined in the Order Approving Settlement Agreement of January 14, 2003, together with interest on such amount at the rate of eight percent (8%) per annum compounded annually, such interest commencing on March 1, 1999 and continuing thereafter until the Contingent Amount and all interest thereon is paid in full, upon all property and assets of any nature whatsoever of Blue Paper, Inc. and Joseph Ieracitano, including, but not limited to, the Blue Paper Property, as fully described in the immediately preceding paragraph, which arose on March 1, 1999.

IT IS FURTHER ORDERED that except as expressly set forth herein, the Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction as to the Ieracitano Defendants, which includes the Settlement Agreement attached thereto and incorporated therein by

reference as if each and every section, paragraph and exhibit thereof were set forth therein is and remains an order of this Court.

DATED this 18th day of April, 2007.

BY THE COURT:


***S/John L. Kane***
John L. Kane, Jr., U.S. District Court Judge