IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 01-cv-00275

**DOMINICK PAOLONI, et al.,**

    Plaintiffs,

v.

**DONALD I. GOLDSTEIN, et al.,**

    Defendants.

**and, NBSA, LLC, et al.,**

    Relief Defendants.

_____

**ORDER**
_____

Kane, J.

    This matter is before me on Plaintiffs' Motion for Summary Judgment Against Joseph Ieracitano and Blue Paper Inc., in which Plaintiffs seek summary judgment against these defendants (collectively the Ieracitano Defendants) for $1,432,741.24 pursuant to the parties' January 10, 2003 Settlement Agreement.

    Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, I view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Okla. ex rel. Dep't of Mental*

*Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Plaintiffs, as the moving party here, have the initial burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. *Id.* If Plaintiffs carry this burden, then the burden shifts to the Ieracitano Defendants to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A genuine issue of material fact exists if a rational juror could decide the disputed allegations in the non-movant's favor based on the evidence presented and the disputed fact might affect the outcome of the suit under the governing law. *See Schwarz v. Bhd. of Maint. of Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001).

Viewed in the light most favorable to the Ieracitano Defendants, the evidence presented in connection with this motion establishes that Plaintiffs and the Ieracitano Defendants entered into a Settlement Agreement on January 10, 2003, which was made an order of this Court on January 14, 2003. *See* Order Approving Settlement Agreement, Entry of Order and Order Vacating Preliminary Injunction (Doc. 440). In this Order, I found that the Settlement Agreement required the Ieracitano Defendants to pay Plaintiffs the amount of $682,500.00, plus interest, from the sale of townhouse units to be constructed on property owed by Blue Paper Inc. *Id.* at 1-2. I further found that the Settlement Agreement obligated the Ieracitano Defendants to pay Plaintiffs an additional "Contingent Amount" as defined in the Settlement Agreement, plus interest. *Id.* at 2.

On April 17, 2007, I entered an order modifying the Settlement Agreement following the Plaintiffs' showing that the Ieracitano Defendants had materially breached the Agreement. *See* Order Modifying Settlement Agreement and Related Orders (Doc. 933). In this Order, I reaffirmed that the Ieracitano Defendants owed the Plaintiffs "the Settlement Amount ($682,500), together with interest at the rate of eight percent (8%) per annum compounded annually (interest commencing on March 1, 1999 and continuing until the entire amount is paid in full) and the Contingent Amount as determined pursuant to the Order Approving Settlement Agreement (together with interest at the rate of eight percent (8%) per annum compounded annually, such interest commencing on March 1, 1999 and continuing until the entire Contingent Amount is paid in full)." *Id.* at 3. I also found that Plaintiffs had an equitable lien in these amounts upon the Blue Paper property. *See id.* at 3-4.

Plaintiffs, acting through Viatical Administrators, Inc. (VAI), then filed a complaint in the United States District Court for the Southern District of Florida seeking foreclosure of the equitable liens upon the Blue Paper property, as well as a determination that its liens were first priority liens upon the property. Another defendant in this action, BankUnited FSB, counterclaimed for foreclosure of its construction mortgage loan and a determination that its mortgage was superior to Plaintiffs' equitable liens.

On March 3, 2008, following trial, the Florida District Court found that the amount due Plaintiffs under the Settlement Agreement, including the Contingent Amount, was

3

$1,432,741.24 and that this was the amount of Plaintiffs' equitable liens. It further held these equitable liens were inferior to BankUnited's construction loan mortgage. As a result of the latter finding and the amount for which the Blue Paper property ultimately sold following foreclosure, Plaintiffs did not receive any monies from foreclosure of their equitable liens upon this property.

Based on this Court's prior orders declaring the Ieracitano Defendants' obligations to Plaintiffs under the Settlement Agreement, as well as the Florida District Court's determination of the total amount due to Plaintiffs under this Agreement, Plaintiffs seek entry of summary judgment in their favor and against the Ieracitano Defendants in the amount of $1,432,741.24, plus interest from the date of the Florida District Court's determination of the amount due. The Ieracitano Defendants' duty to pay this amount pursuant to the Settlement Agreement and the Florida District Court's findings are supported by the law of the case and the evidence and are not disputed by the Ieracitano Defendants.

Mr. Ieracitano nonetheless argues that the amount of the judgment entered against him should be reduced to account for other payments Plaintiffs have received or may receive towards this debt. In particular, he asserts that the total due should be reduced by $275,000 to reflect monies Plaintiffs received from the sale of one of the townhouse units constructed on the Blue Paper property. This contention is meritless because the Florida District Court

considered this prior payment when it determined the total amount still owing to Plaintiffs under the Settlement Agreement.

Mr. Ieracitano also asserts that the amount recovered must be reduced by the value of his home, which Plaintiffs have foreclosed upon. Plaintiffs agree that the amount due from the Ieracitano Defendants should be reduced on this basis, but only by the net proceeds (if any) Plaintiffs receive upon the sale of Mr. Ieracitano's home. I agree. I further find that the net proceeds of this sale (if any) can be determined and applied to the Ieracitano Defendants' debt to the Plaintiffs after judgment is entered on the total amount due under the Settlement Agreement.

Mr. Ieracitano's final asserted basis for reduction, the possibility that Plaintiffs might prevail on their appeal of the Florida District Court's ruling that their equitable lien was inferior to the bank's construction mortgage lien, was rendered moot when the Eleventh Circuit affirmed the District Court's ruling.

For the reasons stated above, I grant Plaintiffs' Motion for Summary Judgment against the Ieracitano Defendants.

It has also recently come to my attention that Plaintiffs' Motion for Entry of Default and for Entry of Judgment and Orders (Doc. 630) against Gary Hoskie and Professional Consultants & Managers Inc. remains pending.[1] Having reviewed the Motion and

---

[1] The Court's docket incorrectly states that this motion was terminated on March 31, 2006.

supporting documentation, I find Plaintiffs are entitled to entry of default judgment against these Defendants pursuant to Federal Rule of Civil Procedure 55, as a result of these Defendants' failure to respond to the complaint against them, as well as Rule 37(b)(2)(C), as a result of their willful disregard of this Court's Order compelling them to appear for deposition and imposing sanctions. *See* Order on Motion to Compel Depositions (Doc. 611). Accordingly, Plaintiffs shall revise and resubmit their previously proposed Judgment and Order on this motion, updated to reflect the current status of the case.

For the reasons stated above, I ORDER:

1. Plaintiffs' Motion for Summary Judgment against Joseph Ieracitano and Blue Paper Inc. (Doc. 965) is GRANTED. Summary judgment shall be entered for Plaintiffs and against the Defendants Joseph Ieracitano and Blue Paper Inc., jointly and severally, in the amount of $1,432,741.24 together with interest at the rate of 6% per annum from March 3, 2008 until fully paid.

2. The Clerk shall enter default against Defendants Gary Hoskie and Professional Consultants & Managers Inc. pursuant to Plaintiffs' Motion for Entry of Default and for Entry of Judgment and Orders (Doc. 630). Plaintiffs shall prepare a revised Judgment and Orders regarding these Defendants as described above.

Dated this 31st day of March, 2009.

                                                    s/John L. Kane
                                                    John L. Kane, Senior District Judge