IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 01-cv-00275-JLK

**DOMINICK PAOLONI, et al.,**

    Plaintiffs,

v.

**DONALD I. GOLDSTEIN, et al.,**

    Defendants.

**and, NBSA, LLC, et al.,**

    Relief Defendants.

---

## JUDGMENT AND ORDERS

Kane, J.

    This matter comes before the Court upon Plaintiffs' Motion for Entry of Default and for Entry of Judgment and Orders against Gary Hoskie and Professional Consultants & Managers, Inc. The Court has reviewed the Motion for Entry of Default and for Entry of Judgment and Orders, and being fully advised in the premises, enters the following findings, judgments, and orders.

### FINDINGS

    1.    On March 27, 2003, Gary Hoskie and Professional Consultants & Managers, Inc. were served with a Summons and a copy of the Third Supplement to Second Amended Complaint in this action. On April 14, 2003, the Return of Service of Summons and the Third Supplement to Second Amended Complaint upon Gary Hoskie and Professional Consultants & Managers, Inc. was filed in this action. Gary Hoskie and Professional Consultants & Managers, Inc. have not

appeared in this matter nor have they filed any pleadings in this matter. Gary Hoskie and Professional Consultants & Managers, Inc. have failed to answer or otherwise respond to the Third Supplement to Second Amended Complaint in any fashion whatsoever.

2. On or about July 3, 2003, Plaintiffs served upon Gary Hoskie and Professional Consultants & Managers, Inc. through their counsel, Barry Hoffman, Plaintiffs' First Request for Production of Documents to Professional Consultants & Managers, Inc. and Plaintiffs' First Request for Production of Documents to Gary Hoskie. Both Gary Hoskie and Professional Consultants & Managers, Inc. failed to respond to these Requests for Production of Documents.

3. Pursuant to agreement, Gary Hoskie and Professional Consultants & Managers, Inc. agreed to provide depositions on Wednesday, August 13, 2003 in Ft. Lauderdale, Florida. Pursuant to this agreement, Plaintiffs properly served a Notice of Deposition of Professional Consultants & Managers, Inc. pursuant to Fed.R.Civ.P. 30(b)(6) and Notice of Deposition of Gary Hoskie, noticing the deposition of Professional Consultants & Managers, Inc. for August 13, 2003 at 1:30 p.m. and the deposition of Gary Hoskie for August 13, 2003 at 9:00 a.m. Gary Hoskie and Professional Consultants & Managers, Inc. failed to appear for their depositions as noticed and failed to timely notify Plaintiffs of their intent not to appear for the depositions. Instead, subsequent to August 13, 2003 at 9:00 a.m., Gary Hoskie and Professional Consultants & Managers, Inc. filed bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Florida. These bankruptcy proceedings were subsequently dismissed for failure to comply with bankruptcy court procedures. The bankruptcy proceeding of Professional Consultants & Managers, Inc. was dismissed on September 18, 2003, and the bankruptcy proceeding of Gary Hoskie was dismissed on October 21, 2003.

4. Pursuant to Plaintiffs' Motion for Order to Compel Depositions and for Sanctions, on January 8, 2004, this Court entered an Order on Motion to Compel Depositions pursuant to which this Court ordered the following:

    A. Gary Hoskie and Professional Consultants & Managers, Inc. are to fully and completely in accordance with the Federal Rules of Civil Procedure respond to Plaintiffs' Requests for Production of Documents to each of them no later than January 23, 2004.

    B. Gary Hoskie and Professional Consultants & Managers, Inc. are to appear at the offices of Dill Dill Carr Stonbraker & Hutchings, P.C. on or before February 13, 2004 to provide depositions in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

    C. Gary Hoskie and Professional Consultants & Managers, Inc. shall jointly and severally pay to the Plaintiffs the sum of $1,508.58 as a sanction for failing to appear at their depositions.

5. In this Court's Order on Motion to Compel Depositions this Court specifically advised Gary Hoskie and Professional Consultants & Managers, Inc. that any additional failure to comply with the Federal Rules of Civil Procedure and/or Order of this Court will result in further and more severe sanctions which may include entry of Default Judgment against these Defendants.

6. On January 16, 2004, Plaintiffs served Plaintiffs' Amended Notice of Deposition to Gary Hoskie and Amended Notice of Deposition to Professional Consultants & Managers, Inc. pursuant to Fed.R.Civ.P. 30(b)(6), calling for the depositions of Gary Hoskie and Professional Consultants & Managers, Inc. on February 13, 2004.

7. Gary Hoskie and Professional Consultants & Managers, Inc. have failed to comply with the Rules of Civil Procedure and this Court's Orders, and, in particular, this Court's Order on Motion to Compel Depositions as follows:

   A. They have each failed to respond to Plaintiff's First Requests for Production of Documents.

   B. They have each failed to appear for noticed depositions on February 13, 2004.

   C. They have each failed to pay the sum of $1,508.85 previously ordered as a sanction for their failure to appear at the August 13, 2003 depositions.

   D. They have each failed to respond in any fashion to Plaintiffs' Third Supplement to Second Amended Complaint.

8. The Court has reviewed the Motion for Entry of Default and for Entry of Judgment and Orders and finds that the relief requested is adequately supported by such Motion and the Affidavit of Rocky K. Smith. Furthermore, the Court has considered each of the factors set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) with respect to the appropriateness of entering Judgment against Gary Hoskie and Professional Consultants & Managers, Inc. pursuant to Fed.R.Civ.P. 37(b)(2)(C). The Court is also satisfied that entry of Default Judgment against Gary Hoskie and Professional Consultants & Managers, Inc. is appropriate under Fed.R.Civ.P. 55.

9. With respect to the considerations as to whether entry of Judgment pursuant to Fed.R.Civ.P. 37(b)(2)(C) is appropriate in this case, the Court has determined as follows:

   A. The failure of Gary Hoskie and Professional Consultants & Managers, Inc. to comply with discovery in this case was not inadvertent, involuntarily, or otherwise excusable,

but rather the result of the willful bad faith refusal of Gary Hoskie and Professional Consultants & Managers, Inc. to comply with the discovery rules and order of this Court. Gary Hoskie and Professional Consultants & Managers, Inc. have failed and refused to respond to Requests for Production of Documents and have offered no excuse for the failure. Gary Hoskie and Professional Consultants & Managers, Inc. have twice failed to appear for noticed depositions, once after being specifically ordered by this Court to do so. They have offered no excuse for their failure to appear. I find that Gary Hoskie and Professional Consultants & Managers, Inc. are culpable for their failure to provide discovery under the Federal Rules of Civil Procedure and to obey this Court's Order on Motion to Compel Depositions in which the Court specifically warned Gary Hoskie and Professional Consultants & Managers, Inc. that failure to comply with discovery requests and orders of this Court may result in the imposition of Default Judgment.

    B. The great bulk of the discovery which the Plaintiffs seek regarding their claims against Gary Hoskie and Professional Consultants & Managers, Inc. is only obtainable from Gary Hoskie and Professional Consultants & Managers, Inc. Thus, Plaintiffs are severely prejudiced by these Defendants' failure to comply with the Plaintiffs' discovery requests and this Court's Order that Gary Hoskie and Professional Consultants & Managers, Inc. comply with Plaintiffs' discovery requests.

    C. As this Court has previously noted, other district courts of this district have previously noted and the Tenth Circuit has previously noted, ignorance of court orders without suffering the consequences affects the orderly administration of justice and results in chaos. *EBI Securities Corporation, Inc. v. Hamouth*, 219 F.R.D. 642, 648 (D. Colo. 2004). I specifically find in this case that the failure and refusal of Gary Hoskie and Professional Consultants & Managers,

Inc. to comply with the Federal Rules of Civil Procedure regarding discovery, the Local Rules of this Court regarding discovery, and this Court's Order on Motion to Compel Depositions is a significant interference with the judicial process in this case.

  D. In the Court's Order on Motion to Compel Depositions, this Court specifically warned Gary Hoskie and Professional Consultants & Managers, Inc. that the failure to comply with the Federal Rules of Civil Procedure and this Court's Order would result in further and more severe sanctions, including that of Default Judgment.

  E. There is nothing to suggest that were this Court to impose a lesser sanction than Default Judgment against Gary Hoskie and Professional Consultants & Managers, Inc., that they would thereafter comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Orders. I find that to date, Gary Hoskie and Professional Consultants & Managers, Inc. have evinced an almost total disregard for the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Orders. I find that the only sanction which cures the prejudice to the Plaintiffs, and serves to deter additional misconduct is that of entry of Default Judgment against Gary Hoskie and Professional Consultants & Managers, Inc.

## **JUDGMENTS**

Pursuant to Fed.R.Civ.P. 55, Default Judgment is hereby entered against Gary Hoskie and Professional Consultants & Managers, Inc.

Pursuant to the Default Judgment entered pursuant to Fed.R.Civ.P. 55, and in addition thereto, pursuant to Fed.R.Civ.P. 37(b)(2)(C), Judgment is hereby entered in favor of the Plaintiffs and jointly and severally against Gary Hoskie and Professional Consultants & Managers, Inc. as set forth in the table immediately below. The Judgments set forth in the table immediately below

are entered upon Plaintiffs' Thirty-Fourth Claim for Relief (18 U.S.C. §1962(a) and (d)); Thirty-Fifth Claim for Relief (18 U.S.C. §1962(b) and (d)); Thirty-Sixth Claim for Relief (18 U.S.C. §1964(c) and (d)); Thirty-Seventh Claim for Relief (§772.103(1) and (4), Fla. Stat. Ann.); Thirty-Eighth Claim for Relief (§772.103(2) and (4), Fla. Stat. Ann.); and Thirty-Ninth Claim for Relief (§772.103(3) and (4), Fla. Stat. Ann.). Where more than one party appears in the box below, the Judgment is entered jointly in favor of such parties.

| PLAINTIFFS | JUDGMENT AMOUNT |
|---|---|
| Dominick Paoloni<br>Investment Protection Services | $6,569,953.20 |
| Nathaniel Jarvis<br>Associated Retirement & Estate Planning, Inc. | $661,143.00 |
| Roger Larson | $2,156,663.49 |
| Gary Ethridge<br>Ethridge Insurance Services | $852,597.27 |
| Anthony Horpel<br>Great Northern Financial Services | $1,389,255.90 |
| Patsy L. Schmidt | $1,417,278.28 |
| Dr. David Bernard Sacks | $1,647,524.50 |
| CPS Marketing Group, Inc.<br>KCOR, Inc. | $1,590,544.95 |
| Philip Helton/Larry Bunnell<br>Helton Insurance Agency | $872,057.97 |
| Ambassador Financial Group, Inc.<br>Michael Ramer, Stephen Foster, and Peter Samaras | $1,495,851.93 |
| Ricky McElroy<br>Professional Products, Inc. | $916,844.67 |
| Jeffrey Davenport<br>Davenport, P.A. | $352,453.71 |

| | |
|---|---|
| Craig Miles<br>Conservative Investors Group, Inc. | $942,579.18 |
| John Zidan<br>Retirement FIRST | $1,065,387.60 |
| Tailored Services Association, Inc. | $3,888,299.49 |
| Dean McBride<br>Vamal's Financial Benefits, LLC | $1,110,699.33 |
| Larry Johnson<br>Larry Johnson & Associates | $66,275.82 |
| Randy G. Thomas | $39,452.55 |
| Don Hess | $221,531.34 |
| Michael Huber | $189,543.96 |
| John E. Santoro<br>John E. Santoro Agency | $630,772.68 |
| Fred Nichols | $1,522,783.23 |
| Tom Gorter, Darcy Smith<br>EMGO Financial Services, Inc. | $324,866.01 |
| Baron Financial Corporation | $267,493.86 |
| Juli Stockberger | $2,301,911.16 |

## **ORDERS**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Plaintiffs shall have an equitable lien on all funds, assets, and property of Gary Hoskie and of Professional Consultants & Managers, Inc. by whomever held, any portion of which can be traced to monies defrauded from the Plaintiffs and the claims they represent herein, and that the equitable lien imposed hereby shall relate back to October 22, 1997.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that all funds, assets, and property of each of Gary Hoskie and Professional Consultants & Managers, Inc. that are traceable to monies defrauded from the Plaintiffs and the claims they represent herein, are hereby subject to a constructive trust by whomever held.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that within sixty (60) days from the entry of these Judgments and Orders that each of Gary Hoskie and Professional Consultants & Managers, Inc. take such steps as are necessary to repatriate to the Territory of the United States any and all funds and assets in their possession, custody, and/or control, wherever located and whether within or without the United States, including any and all assets in the possession, custody, and/or control of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them. The repatriation of any funds and assets shall be to the Clerk of the United States District Court for the District of Colorado and shall be held by that Clerk of such Court until further order of this Court.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that each of Gary Hoskie and Professional Consultants & Managers, Inc. shall provide to the Plaintiffs within sixty (60) from the entry of this Order, a complete and comprehensive accounting of all income, receipts, disbursements, expenditures, assets, and liabilities including the whereabouts of any assets of each of Gary Hoskie and Professional Consultants & Managers, Inc. from October 22, 1997 through and including the present.

IT IS SO ORDERED this 16th day of April, 2009.

                                BY THE COURT:

                                s/John L. Kane
                                John L. Kane, Senior District Court Judge
                                United States District Court